May it please the court. Good morning, counsel. My name is Darren Miller, and I represent Kevin Bordeaux, the appellant in this matter. Your Honors, Mr. Bordeaux, after pleading guilty was sentenced to 120 months in prison for assault with a dangerous weapon and 132 months for assault of a federal officer. And those sentences were ordered to be served consecutive to an 84-month sentence for brandishing a firearm in relation to a crime of violence, which was count one. Then result was an aggregate sentence of 18 years in prison. Unfortunately, this sentence was based in part on an improper offense level calculation. The court improperly calculated the offense level, or the parties, everyone did, to be a 29 rather than a 28. This is a significant plain procedural error, and it warrants a remand for resentencing. Well, the significance requires some explanation. I mean, the only remedy would be resentencing, right? I believe that's correct, Your Honor. And what's going to change? Well, I We have concurrent sentences. Does this affect all of them? No, it just affects the one, right? Well, it could affect, well, it certainly would affect count five, the 132-month sentence. It could affect count one. Count three was, is what it is. It was an agreed upon seven-year sentence. But when the court sentenced Mr. Bardot, it was under the impression that the guidelines were, it was applying a category, criminal history three category, offense level 29, 108 to 135 months. And throughout the sentencing hearing, the court was making it clear that since it had lowered the criminal history category from four to three in anticipation of the guideline amendments, that it believed that a sentence towards the higher end of that 108 to 135 range was appropriate. And several times throughout the sentencing hearing, the court was essentially anchoring its sentence to the guidelines. So this, this is not a case where the court had in mind a set sentence and the guidelines were largely irrelevant. This is a case where the guidelines were important in fashioning the sentence, and there's a reasonable probability that had the court had the proper guidelines applied, which would have been a lower range, by a maximum, I believe, about 14 months, there's a reasonable probability that the court would have given a lower sentence. But it would be a different sentencing judge on remand. Judge Lange's retired, right? No, he's not. He's not retired. Oh, okay. I thought maybe he had gone from senior to retired. That's Judge Viken. I'm sorry, I'm not familiar with the judges there. But under Melina Martinez, we don't even have to really show that it would have made a difference, as long as there's no affirmative showing in the record that the court would have, that essentially that the guideline range being lower wouldn't matter. And even when the record is silent under Melina Martinez, there's been a reasonable probability of a lesser sentence on a remand. So under Melina Martinez, pronged prejudice has been met for the plain error. And really, that's the only disputed issues here, Your Honor. Davidson is a case that this court had, and I believe that was also just a one offense level difference. And in Davidson, there was plain error found as well. And there were several times, and if I could even direct your attention to the record, there were, it counted about. Well, let's talk a little bit about what the government's really, I think that they're suggesting is that if you look at all the statements that Judge Lange made about the and his declining to move further down within the guideline range, and the imposition of consecutive sentences, that the imposition of consecutive sentences is a strong indicator from which we could infer that he would imply the same sentence. And, you know, if that's a little bit different than what most of our cases have said, most of our cases have said there has to be a clear statement that I would sentence the same, even if I've got the guideline calculation wrong. And here, what you've got is a pretty clear inference actually that the judge is looking at some number that was not fully anchored within that guideline range by imposing the consecutive sentences when he was not required to do so. And I'm sure you have an argument as to why that is just speculation, but I'd like to hear it. Yes. Well, I think the record is clear that the Court was, the consecutives were the consecutive. But as far as the 132 months, it's clear that the reason why that sentence was imposed was because it was at the higher end of the 108 to 135 guideline range, which the Court And had the guidelines been properly applied, the 97 to 121th guideline range, which would be the applicable one correctly, the 132 months is outside that guideline range. And if you recall from the record, even when sentencing to count 1 to 120 months, that's the statutory maximum, but the Court originally had set that as a 132-month sentence until it realized, you know, it was above the maximum. So I mean, I think there's a reasonable probability that since the Court was tying this in to that, the higher end of that guideline range, that on remand it would do the same. The parties had agreed to within guideline range sentence. The Court was going within the guidelines. There was no indication the Court was planning to go outside the guidelines. And in fact, the Court was painstakingly going, showing that it was applying the guidelines. It was placing importance on the higher level for Category 3. And it, on page 31 to 32 of the sentencing hearing, it said that it was inclined towards the upper end of that guideline range. So in their other instances in the record, too, Your Honor, I believe it's, looks like, page 45 of the sentencing hearing said he's really right at the edge of criminal history Categories 3 and 4. And then later said he could easily bump them up to criminal history 4 based on tribal convictions, but the Court elected not to do that. And again, later said that he's at the very, very top of criminal history Category 3, which, quote, militates for consideration in turn of the upper end of the range. And then when it imposed the sentence on page 50 of the sentencing hearing, the Court said that it believes that a sentence towards the top of the guideline range was appropriate. So what was the statutory maximum on the resisting offense? Way above 132, right? Which count are you talking about? The assault to count 5, Your Honor? Yeah. I don't recall it, but I believe it was 20, but I could be wrong. That sounds right, yeah. But at any rate, here, in this case, it shows that the Court was clearly not just citing the guidelines and passing and had another sentence clearly in mind. Clearly what this Court was doing, based on the record, was fashioning the sentence towards the upper end of the guideline range. It looks like I'm down to just a few seconds, so if I can reserve for rebuttal here. Thank you. Mr. Albertson? Thank you, Judge Loken, Judge Erickson, Judge Graz. May it please the Court, my colleague, Mr. Miller, I'm Kirk Albertson. I represent the United States in this case. If this case is remanded, it will be resentenced by Judge Lange. There has been some comings and goings among the judges in the District of South Dakota. Judge Lange was and will continue to be a constant presence. Counsel, is there any Eighth Circuit case that supports your harmless error analysis in the absence of a clear statement by the District Court that it would have reached the same sentencing conclusion, regardless of the guidelines? Thank you for that question, Judge Graz. There is not a case that directly, is directly on point with what the government is asking in this case. And I suspect that if there was, we might not be here. But why are we here? I mean, here's really the question I've got. I'm just a trial judge. So I'm looking at this and saying, there's really no case that says if the judge is a little bit waffly, and it really looks like he would have imposed the same sentence, and it's a waste of time. You know, it's a bigger waste of time to write briefs and head up to the Court of Appeals rather than just say, you know, how about we remand this and we let Judge Lange tell us what he's thinking? So, I mean, which is an unfair question. Because I'm really asking, what is your tactical thinking here? Because it seems to me that this is a pretty inefficient approach to this case. Thank you for your question, Judge Erickson. And that is fair, that maybe this is an inefficient approach to this case. If we didn't have a thorough record, we wouldn't be here. We would have conceded remand. We've done that recently. We did that in the Isaac Rubidoux case just last year where there was an error in the guidelines calculation. Yeah, I know you have. And that's, I mean, I look at it, and, you know, but the problem, I mean, so it appears to me that you want us to make, we've got a bright-line rule now. And what you want us to do is to fuzzy it up a bit by saying, but you don't have to exactly say that I'd sentence the same. It's okay for us to just say, well, we can infer that the judge really meant that by what he did say. And it just strikes me that that's not really an improvement that helps the litigation of cases generally. Well, I think, Your Honor, we're not inviting the Court to speculate. Well, I have a different take on it, and that is that you made the wrong, you didn't make the right argument. The argument that is different than what my colleagues are talking about is that this error wasn't plain, given the criminal history complexity and the grouping rules complexity. To me, this was not a plain sentencing error, and we don't get to Molina. I think that's a good point, Your Honor. I don't, that you didn't argue that, I don't know if it's waived or what. I think that is a good point. Thinking about the difference between this case and Molina-Martinez, in that case, there was a single count of conviction. And the discussion about the guidelines were government asked for top of the guidelines, the appellant asked for the bottom of the guidelines, and the defendant was sentenced at the bottom of that guideline range. This case is very different. There's three counts of conviction. Counsel, I thought that the government has conceded that the guideline calculation was erroneous and that the district court applied the wrong guideline. Yeah. They conceded the error, but not that it's plain. Your Honor, it is an error. And we concede that it is an error. There is clear guidance in the manual about the offense level calculation for count one, the assault with a dangerous weapon, should not include the enhancements that are captured in count three, the brandishing a firearm during a crime of violence. So we concede that it is an error, but there definitely is some distinction. But what you conceded was it's an error but not harmless. Is but not harmless the same as saying it's not clear or plain? I think, Your Honor, you could read it that way. You're correct. We are conceding it is an error and it's plain, but that it's harmless. As I was saying, there is a difference between this case and Molina-Martinez and the way the guidelines are calculated. This case involves multiple accounts. It involves grouping. There's a question about concurrent versus consecutive. We're not asking the Court to make assumptions and speculate about what the district court might have done. What we're saying is consistent with Molina-Martinez and Rosales-Morales, the record made by the district court in this case reflects that it believed the sentence it was imposing was appropriate irrespective of the guideline range. You know, the Court pointed out that it seemed like the district court was anchoring this sentence to something other than the guideline range, and I think that's apt. As Mr. Miller pointed out, the district court initially tried to sentence appellant to 132 months for count one and then was reminded that count one had a statutory maximum of 120 months. To clarify, count three or, excuse me, count five, the assaulting a federal officer count does have a statutory maximum of 20 years. I recognize there was some question about that. That's the maximum for that offense. After being informed of that clarification, the judge said, the district court said, okay, then the sentence for count one is 120 months, the maximum for that offense. The district court, though, as it had made clear throughout the sentencing proceeding, believed that the appellant deserved something in excess of 120 months, a concurrent 120-month sentence for count five, to reflect that it was not the same harm, that it was a completely different incident. If the district court would have said, and there is case law that this court has cited very favorably about, we don't require robotic incantations. If the district court had made the robotic incantation that it would have imposed this same sentence and anchored it to the statutory maximum for count one, regardless of the guidelines, we likely wouldn't be here. And that's really what this is about. It's the district court, and in this case, the district court made a full record of its reasons for imposing the sentence it did. There's an error in the guidelines calculation. We agree with that. It was an unobjected to error, so there was no opportunity for the court to say, I would have imposed the same sentence if the guidelines would have been calculated differently. We realize there's no overlap between the correct guideline range and the incorrect guideline range. The court could have cured that with a similar statement. We realize the court could not have immunized its sentence prospectively. There's case law that says the court can't do that. It can't immunize against some hypothetical error that's not addressed at sentencing. We're not inviting the court to do any of those things. What we're asking the court to do is say, based on the record before it, the district court clearly explained its reasons, and really they're tied to the statutory maximum for count one. The district court talked about looking at the guidelines for these two offenses, separating them out. They're grouped, and they're grouped because the guidelines manual has this legal fiction that there are multiple offenses that arise from the same harm. The district court clearly recognized these don't arise from the same harm. The counts of conviction stem from two completely different incidents. On July 6th of 2022, the appellant shot his girlfriend in the leg after arguing with her. That act led to count one and count three convictions. Two days later, on July 8th, the appellant, along with his three co-defendants in the vehicle with him, led police on a high-speed pursuit where he and one of the co-defendants were firing handguns at the pursuing officers. That's the conduct that led to the conviction for count five. The district court said, you know, it's an interesting exercise to look at. These offenses weren't grouped. What the guidelines would be? And the court was obviously at that point applying the incorrect calculations, but it talks about in the sentencing record that that would have resulted in a range of 134 to 168 months. So the court's kicking around multiple guideline ranges. And when it comes back to sentencing, really what it's tying it to is the statutory maximum for count one is 120 months. And the appellant clearly deserves something in addition to 120 months, a fully concurrent 120-month sentence, because there is a completely separate and distinct incident that happened. He's going to get the 84 plus. Pardon me, Your Honor? He's going to get the 84 plus. Yes, Your Honor. He was automatically going to get 84 months for count three consecutive to anything that the court imposed for counts one and count five, definitely. And the district court was mindful of that. That was consistent with the plea agreement and the joint recommendations of the parties that the court would impose an 84-month sentence for the brandishing of firearm offense. But it could have imposed 240 plus 84. Yes, Your Honor. It could have. It didn't. I don't know. And to me, it's based on the statutory maximum for count one. Based on the record made by the district court, it's the United States' position that the error is harmless and that the sentence should be affirmed. If there are no further questions for me, I thank the court for its time, and I will take my seat. Thank you. Referrable? Yes. Again, we just have to show there's a reasonable probability that these guidelines made a difference, not any certainty or not what we could speculate the judge might have done. And since I'm on very limited time, I just wanted to get to the Molina-Martinez, whether or not the error is plain. Yep, Molina-Martinez did note that the guidelines are complicated, but I believe that discussion of that was related to its belief as to how these get to plain error, that they get missed below. But I don't think that that was a statement by the Supreme Court that the error was not plain. I think attorneys are expected to know the law, and if the law is clear, I think that there is a plain error, and I don't think there's anything in Molina-Martinez that holds to the contrary on that point. Plain error doesn't, the Milano analysis doesn't focus on the lawyers. It focuses on the judge. Yeah, but there was a discussion as to how it got to plain error, and I believe that discussion was focused. Between this morning or in the district court? In Molina-Martinez. Oh. Yeah, I'm sorry. That was a confusion. I'm out of time, so unless there's any further questions, I'd ask that you remand this for resentencing. Thank you.